FILED

2014 SEP 12  PM 4: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1   Marc Smith (SBN 72717)
     Email: marc@kranesmith.com
2   Daniel L. Reback (SBN 239884)
     Email: dreback@kranesmith.com
3   Jeremy Smith (SBN 242430)
     Email: jsmith@kranesmith.com
4   **KRANE & SMITH, APC**
    16255 Ventura Boulevard, Suite 600
5   Encino, CA 91436
    Tel: (818) 382-4000
6   Fax: (818) 382-4001

7   Attorneys for Plaintiff,
    CHRISTOPHER GORDON

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11                     CV14  07158 -SVW(JEMx)

12   CHRISTOPHER GORDON, an          CASE NO.
     individual,

13                                   **COMPLAINT FOR:**
              Plaintiff,
14                                   1. **TRADEMARK**
     vs.                                **INFRINGEMENT** [15 U.S.C.
15                                      §1114 *et seq.*]**;**
     TANGA.COM, LLC, a limited       2. **TRADEMARK**
16   liability company; LOL SHIRTS, a    **INFRINGEMENT** [California law]**;**
     business entity form unknown; and 3. **TRADEMARK DILUTION** [15
17   DOES 1 to 10, inclusive,           U.S.C. §1125(c)]**;**
                                     4. **FEDERAL UNFAIR**
18            Defendants.               **COMPETITION AND FALSE**
                                        **DESIGNATION OF ORIGIN** [15
19                                      U.S.C. §1125(a)]**;**
                                     5. **UNFAIR COMPETITION**
20                                      [California law]**; and**
                                     6. **COPYRIGHT INFRINGEMENT**
21                                      [17 U.S.C. §501]

22                                   **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28                                        1

P:\Client\...GORDON, CHRISTOPHER\LOLSHIRTS ACT\ GORDON (TANGA.COM)\COMPLAINT VS. TANGA.wpd

1    Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

2               **INTRODUCTION**

3        Plaintiff is a comedic narrator who, on January 18, 2011, published a video

4    on YouTube that consisted of his original narration humorously describing the

5    traits of a honey badger. The video went "viral" and has generated more than *69*

6    *million* views on YouTube. In the video, Plaintiff's original expression and joke is

7    "HONEY BADGER DON'T CARE," among others. Plaintiff's original expression

8    has gained a tremendous amount of notoriety, and his expression has been referred

9    to in commercials, television shows, magazines, and throughout the internet, and

10    by numerous celebrities. Plaintiff copyrighted his narration, and also trademarked

11    "HONEY BADGER DON'T CARE" under four separate registration numbers for

12    various classes of goods, including t-shirts. Plaintiff has produced, advertised, and

13    sold t-shirts bearing his expression and mark of "HONEY BADGER DON'T

14    CARE" since soon after the video was published, and he continues to sell t-shirts

15    bearing his expression and mark today.

16        Defendants include related t-shirt companies, Tanga and LOL shirts, who

17    produced and sold t-shirts that copied *verbatim* Plaintiff's expression and

18    trademark, "HONEY BADGER DON'T CARE." Defendants not only sold

19    infringing merchandise, but strategically chose to advertise their infringing

20    merchandise by using Plaintiff's video, which was generating millions of views.

21    Defendants even provided a website link to Plaintiff's video, right alongside their

22    advertisements of infringing merchandise, causing consumer confusion and

23    ramping up unlawful sales in the process. Defendants' unauthorized sales of t-

24    shirts bearing Plaintiff's trademark and expressions constitute, *inter alia*,

25    trademark and copyright infringement. Defendants' blatant unlawful activities,

26

27

28    PLAINTIFF'S COMPLAINT, THRU/DEFENDANTS CLEMENTA ADV. TANGUS TANGA.COM/COMPLAINT V. TANGA.V1.8   2

1  including their unfair and deceptive advertising campaign, constitutes willful
2  infringement.

3  ### JURISDICTION AND VENUE

4      1.    This is a civil action arising under the Trademark and Copyright
5  Laws of the United States, 15 U.S.C. §§1051, *et seq.*, and 17 U.S.C. §§101 *et seq.*
6  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

7      2.    This Court has supplemental jurisdiction over the claims in this
8  Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because
9  the state law claims are so related to the federal claims that they form part of the
10  same case or controversy and derive from a common nucleus of operative facts.

11      3.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and
12  1400(a).  The infringing products which are the subject of this litigation have been
13  distributed and offered for distribution in the Central District of California, and the
14  Defendants transact business in the Central District of California.  Defendants
15  have extensive contacts with, and conduct business within, this District; have
16  placed products into the stream of commerce in this District; and have caused
17  tortious injury to Plaintiff in this District.

18  ### PARTIES

19      4.    Plaintiff is an individual residing in Los Angeles, California.

20      5.    Plaintiff is informed and believes, and thereon alleges, that Defendant
21  Tanga.com, LLC ("Tanga"), is a limited liability company that is subject to the
22  jurisdiction of this Court.  Tanga produces and sells merchandise, with an
23  emphasis on t-shirts, and conducts its business on the internet at tanga.com.

24      6.    Plaintiff is informed and believes, and thereon alleges, that Defendant
25  LOL Shirts is a business entity, form unknown, that is subject to the jurisdiction of

26

27

28  3

COMPLAINT AND DEMAND FOR JURY TRIAL

1   this Court. LOL Shirts produces and sells merchandise, with an emphasis on t-
2   shirts, and conducts its business on the internet at lolshirts.com.

3        7.     Plaintiff is informed and believes, and thereon alleges, that Tanga and
4   LOL Shirts authorized, directed, participated in, contributed to, ratified, and/or
5   accepted the benefits of the wrongful acts as alleged herein.

6        8.     Plaintiff is informed and believes, and thereon alleges, that there
7   exists, and at all times relevant hereto there existed, a unity of interest and
8   ownership between Defendants Tanga and LOL Shirts, and each of them. As a
9   result, any individuality and separateness between said Defendants has ceased and
10   Defendants are mere shells, instrumentalities and conduits through which these
11   Defendants carry on their business and are alter egos of each other, and mere
12   conduits to conduct their own wrongful acts through the subterfuge of a purported
13   separate corporate entity in order to avoid liability and responsibility for those
14   wrongful acts.

15        9.     Plaintiff is informed and believes, and thereon further alleges, that
16   adherence to the fiction of the separate existence of Defendants Tanga and LOL
17   Shirts, as entities or persons distinct from each other, would permit an abuse of the
18   corporate privilege, sanction fraud against Plaintiff and the public and promote
19   injustice.

20        10.     The true names and capacities, whether individual, corporate,
21   associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown
22   to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff
23   is informed and believes and based thereon alleges that each of the fictitiously
24   named defendants is responsible in some manner for the events, acts, occurrences
25   and liabilities alleged and referred to herein. Plaintiff will seek leave to amend this

26
27
28

     4

1    Complaint to allege the true names and capacities of these DOE defendants when
2    the same are ascertained.

3                          **SUBSTANTIVE ALLEGATIONS**
4                   **Plaintiff and His Video, Copyright, and Trademark**

5        11.   Plaintiff is a comedian, narrator, writer, and actor, and is commonly
6    known by his alias, "Randall."

7        12.   On January 18, 2011, Plaintiff published a video (the "Video") on
8    YouTube that consisted of his original narration humorously describing the traits
9    of a honey badger.[1]  The Video, titled *The Crazy Nastyass Honey Badger (original*
10   *narration by Randall)*, became an instant hit.  The Video went "viral" and is one
11   of the most popular videos ever uploaded onto YouTube.  To date, the Video has
12   generated more than *69 million* views on YouTube.  The Video and subsequent
13   phenomenon have been covered by internet blogs such as the *Huffington Post*
14   (which proclaimed "Honey Badger Don't Care [as] the best nature video of all
15   time") as well as by entertainment news sites like *TMZ*.

16       13.   In the Video, Plaintiff's original expression and joke is that the
17   HONEY BADGER DON'T CARE.  Plaintiff's original expression (and others
18   contained in the Video) have gained a tremendous amount of notoriety, and his
19   expressions have been referred to in commercials, television shows, magazines,
20   and throughout the internet.

21       14.   Plaintiff copyrighted his narration in the Video.  The copyright
22   registration number is PA 1-750-515, the effective date of registration is June 15,

23
24
25   _____
         [1] The      Video     can     be     viewed     at
26   https://www.youtube.com/watch?v=4r7wHMg5Yjg or by searching on YouTube.com
27   for *The Crazy Nastyass Honey Badger (original narration by Randall)*.

28   PLAINTIFF'S COMPLAINT, CHRISTOPHER GORDON AKA. RANDALL HONEY BADGER, COMPLAINT AND DEMAND FOR JURY TRIAL.wpd      5

─────────────────────────────────────────
                    COMPLAINT AND DEMAND FOR JURY TRIAL

1 | 2011, and the title is HONEY BADGER DON'T CARE.  Attached hereto as
2 | Exhibit A is a true and correct copy of the certificate of Copyright Registration.

3 |     15.    Plaintiff is also the owner of the trademark HONEY BADGER
4 | DON'T CARE (the "Mark").  Plaintiff registered the Mark with the United States
5 | Patent and Trademark Office for various classes of goods under the following
6 | Registration Numbers:  4,505,781; 4,419,079; 4,419,081; and 4,281,472.
7 | Registration Number 4,505,781 specifically relates to the class of goods for
8 | clothing, including t-shirts.  Attached hereto as Exhibit B are true and correct
9 | copies of the Trademark Registrations.

10 |     16.    After the Video was published, Plaintiff produced and sold goods,
11 | including t-shirts, that displayed his Mark.  Plaintiff continues to sell t-shirts under
12 | the trademark HONEY BADGER DON'T CARE.

13 |     17.    Plaintiff primarily advertised the t-shirts bearing his Mark on the
14 | internet.  Sales of Plaintiff's t-shirts bearing his Mark have been substantial, with a
15 | majority of the sales occurring via the internet.

16 |     18.    The Mark is instantly recognizable as being associated with Plaintiff
17 | (i.e. Randall).  The Mark appeared in Plaintiff's Video, and has since been
18 | displayed on numerous advertisements and goods that Plaintiff promotes.  Plaintiff
19 | even authored a book titled *Honey Badger Don't Care:  Randall's Guide to Crazy*
20 | *Nastyass Animals,* and launched a mobile "app" titled *The Honey Badger Don't*
21 | *Care.*

22 |     19.    Plaintiff has expended a significant amount of time and effort in
23 | making his Mark well-known to the public.  Plaintiff has promoted his Mark by,
24 | *inter alia*, advertising it in connection with his products, making guest
25 | appearances in media outlets, and publicizing the Mark through social media
26 | platforms.

27 |

28 |

20. As a result of the foregoing, including, but not limited to, the extensive advertisements, promotions, sales, and enormous popularity of the Mark, the public has come to exclusively identify the Mark with Plaintiff. Among other things, Plaintiff, his expression, joke and/or his Mark have appeared or been alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of the popular television show *America's Got Talent*, in an episode of the hit television series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard Stern* radio show (Baba Booey). Plaintiff's expression, joke, and Mark are famous and distinctive under applicable law, including within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

## DEFENDANTS' UNLAWFUL ACTIVITIES AND WILLFUL INFRINGEMENT

21. Tanga and LOL Shirts (collectively, "Defendants") are competitors of Plaintiff, as they also produce and sell t-shirts on the internet.

22. Defendants produced and sold t-shirts that bore (a) Plaintiff's Mark, (b) phrases confusingly similar to Plaintiff's Mark, and (c) expressions that were copied verbatim from Plaintiff's Video. Defendants produced and sold these t-shirts throughout the United States, including California, via the internet at lolshirts.com and tanga.com.

23. Defendants' product descriptions and advertisements for their infringing merchandise reveals a campaign of willful infringement. Among other things, Defendants:

(a) Expressly referenced Plaintiff's Video alongside their advertisements of the infringing merchandise;

7

1           (b)  Provided a direct link to Plaintiff's Video, and remarked it was

2    "the best nature video EVER on the crazy, nasty, Honey Badger;" and

3           (c) Promoted the infringing merchandise on social media (i.e., Twitter

4    and Facebook) in direct competition with Plaintiff.

5        24.   Defendants' manipulative and unfair advertising of the infringing

6    merchandise enabled them to reap financial success.  Defendants produced

7    infringing merchandise in various sizes and different colors.  According to

8    Defendants' website, almost all of the infringing merchandise "sold out."

9    Thereafter, Defendants produced more infringing merchandise, and promoted their

10   product using Plaintiff's Mark, stating, "Our first Honey Badger Don't Care

11   T-shirt sold so well, we are giving you a brand new [one] . . . ."

12       25.   Defendants' strategic advertisement was designed to capitalize on

13   Plaintiff's Mark, trample upon his intellectual property rights, and cause customer

14   confusion in the process.

15       26.   On July 25, 2014, Plaintiff's counsel demanded that Defendants stop

16   selling the infringing merchandise and disclose the amount of sales for all

17   infringing products.  Defendants agreed to stop selling the infringing merchandise,

18   only after generating substantial sales from the infringing merchandise, and only

19   after sales of the infringing merchandise began declining.[2]

20       27.   Defendants' intentional and deceitful acts of unfair competition and

21   use of the Mark and derivations thereof have caused confusion, and are likely to

22   do so in the future, and have caused mistake and deception as to the affiliation or

23   association of the Defendants with Plaintiff, and as to the origin, sponsorship, or

24   approval of the Defendants' goods by Plaintiff.  Plaintiff has neither authorized nor

25

26      [2] Nevertheless, Defendants have refused to remove the infringing merchandise

27   from their website. (See https://www.tanga.com/products/search?q=honey+badger.)

28   8

1   consented to the use by Defendants of the Mark, any colorable imitation of it, or

2   any mark confusingly similar to it.

3        28.    Plaintiff is informed and believes, and thereon alleges, the

4   Defendants' purpose in utilizing the Mark is an attempt to benefit unfairly from the

5   valuable goodwill and extreme popularity of the Mark, which was established at

6   great expense and effort by Plaintiff.

7   **<u>FIRST CLAIM</u>**

8   **(Trademark Infringement under 15 U.S.C. §1114 *et seq*. Against All**

9   **Defendants)**

10        29.    Plaintiff repeats, repleads and realleges the allegations contained in

11   Paragraphs 1 through 28, as though fully set forth herein.

12        30.    The aforesaid acts of Defendants constitute infringement of the Mark

13   under 15 U.S.C. §1114 *et seq*.

14        31.    As a direct and proximate result of Defendants' wrongful acts,

15   Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to

16   his trademark, reputation, and goodwill.  Defendants will continue to use the Mark

17   and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at

18   law and is entitled to an injunction restraining Defendants and their officers,

19   agents, employees, and all persons acting in concert with them, from engaging in

20   further acts of infringement.

21        32.    Plaintiff is further entitled to recover from Defendants the actual

22   damages that he sustained and/or is likely to sustain as a result of Defendants'

23   wrongful acts.  Plaintiff is presently unable to ascertain  the full extent of the

24   monetary damages that he has sustained and/or is likely to sustain by reason of

25   Defendants' acts of trademark infringement.

26

27

28       9

33.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

34.     Because of the willful nature of the wrongful acts of Defendants, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including but not limited to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

35.     Plaintiff also is entitled to recover his attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## SECOND CLAIM

**(Trademark Infringement under California Business and Professions Code section 14245 *et seq*. and California Common Law Against All Defendants)**

36.     Plaintiff repeats, repleads and realleges paragraphs 1 through 35, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

37.     Defendants' use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendants.

38.     The acts and conduct of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of California, including California Business and Professions Code section 14245 *et seq*., in that, among other things, Defendants' acts and conduct are  likely to cause

10

confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendants.  Defendants' acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public.  Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants and their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

39.    As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.  Plaintiff is entitled to all remedies provided by California Business and Professions Code section 14247 *et seq.*, including injunctive relief and recovery of three times Defendants' profits and damages suffered by reason of their wrongful conduct.  Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

### THIRD CLAIM

**(Trademark Dilution under 15 U.S.C. §1125(c) Against All Defendants)**

40.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39, above, as though fully set forth herein.

41.    Plaintiff has used his Mark to identify his products before Defendants began using the Mark without his permission.

42.    The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark.  The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

COMPLAINT AND DEMAND FOR JURY TRIAL

43.     Defendants' use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

44.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill.  Defendants will continue to use the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

45.     Plaintiff is entitled to recover from Defendants the actual damages that he sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendants' acts of trademark dilution.

46.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark dilution.

47.     Because of the willful nature of the wrongful acts of Defendants, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

48.     Plaintiff also is entitled to recover his attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

12

## FOURTH CLAIM

**(Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125(a) Against All Defendants)**

49.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 48, as though fully set forth herein.

50.     Defendants' acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' goods, services and/or activities by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

51.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark.  Defendants will continue the activities alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

52.     Plaintiff is further entitled to recover from Defendants the actual damages that he sustained and/or is likely to sustain as a result of Defendants' wrongful and devious acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendants' acts of unfair competition and false designation of origin and false affiliation and association.

13

COMPLAINT AND DEMAND FOR JURY TRIAL

53.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful and malicious acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition and false designation of origin and false affiliation and association.

54.     Because of the willful nature of the wrongful acts of Defendants, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

55.     Plaintiff is also entitled to recover his attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## FIFTH CLAIM

### (Unfair Competition Against All Defendants)

56.     Plaintiff repeats, repleads and realleges paragraphs 1 through 55, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

57.     Defendants' actions constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

58.     The acts and conduct of Defendants complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

59.     Plaintiff is informed and believes that Defendants have unlawfully obtained profits through their acts of unfair competition.  Defendants should be forced to disgorge such unlawful profits to Plaintiff.

14

60.     Plaintiff is further entitled to recover from Defendants his actual damages sustained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of unfair competition.

61.     Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

## SIXTH CLAIM

### (Copyright Infringement Against All Defendants)

62.     Plaintiff repeats, repleads and realleges paragraphs 1 through 61, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

63.     Plaintiff is informed and believes that Defendants had access to the Video, through, *inter alia*, YouTube.  Indeed, Defendants expressly referenced Plaintiff's Video alongside their advertisements of the infringing merchandise, and moreover, even provided a direct link to Plaintiff's Video and remarked it was "the best nature video EVER on the crazy, nasty, Honey Badger."

64.     Defendants manufactured, produced, and sold merchandise, including but not limited to t-shirts, that copy verbatim Plaintiff's jokes and expressions from his Video, such as his joke and expression that the "Honey Badger Don't Care."  Defendants' uses of Plaintiff's jokes and expressions are substantially similar to Plaintiff's use in the Video.  In fact, Defendants' use is an exact copy verbatim of Plaintiff's jokes and expressions contained in his copyrighted Video.

65.     Defendants infringed Plaintiff's copyright by manufacturing, producing, and selling merchandise that prominently displayed Plaintiff's joke and expression that he used in his copyrighted Video.  Defendants sold their infringing merchandise on the website tanga.com and lolshirts.com.  Defendants' conduct

15

1  violated Plaintiff's exclusive right in his expressions and jokes contained in his

2  Video.

3       66.    Plaintiff is informed and believes that Defendants, and each of them,

4  knowingly induced, participated in, aided and abetted in, and profited from the

5  illegal copying and/or subsequent sales of the infringing merchandise featuring

6  Plaintiff's expressions and jokes from the Video.

7       67.    Plaintiff is informed and believes that Defendants, and each of them,

8  are vicariously liable for the infringement alleged herein because they had the

9  right and ability to supervise the infringing conduct and because they had a direct

10  financial interest in the infringing conduct.  As such, Defendants, and each of

11  them, are liable for vicarious and/or contributory copyright infringement under 17

12  U.S.C. §101.

13       68.    Due to Defendants' acts of infringement, Plaintiff has suffered

14  substantial damage to his business in an amount to be established at trial.

15       69.    Due to Defendants' acts of infringement, Plaintiff has suffered

16  general and special damages in an amount to be established at trial.

17       70.    Due to Defendants' acts of copyright infringement, Defendants, and

18  each of them, have obtained direct and indirect profits they would not otherwise

19  have realized but for their infringement.  As such, Plaintiff is entitled to

20  disgorgement of Defendants' profits directly and indirectly attributable to

21  Defendants' infringement of Plaintiff's jokes and expressions used in his Video in

22  an amount to be established at trial.

23       71.    Plaintiff is informed and believes that Defendants infringed Plaintiff's

24  copyright with knowledge that he owned the exclusive rights in his expressions

25  and jokes as contained in the Video and/or that Defendants, and each of them,

26  were reckless in committing the infringement alleged herein.  Indeed, Defendants

27

28     16

1  even referenced Plaintiff's Video, and provided a direct website link to Plaintiff's

2  copyrighted performance, directly alongside Defendants' advertisements of their

3  infringing merchandise.  This was a blatant effort to generate substantial sales by

4  capitalizing on Plaintiff's copyright.  Defendants' acts of copyright infringement

5  were willful, intentional and malicious, subjecting Defendants, and each of them,

6  to liability for statutory damages under Section 504(c)(2) of the Copyright Act in

7  the sum of up to $150,000 per infringement and/or they are precluded from

8  deducting certain overhead expenses when calculating profits for disgorgement.

9                          **PRAYER FOR RELIEF**

10        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each

11  of them, as follows:

12        1.     That Defendants have (i) infringed the Mark under 15 U.S.C. §1114

13  *et seq.*; (ii) infringed the Mark under California law; (iii) violated 15 U.S.C.

14  §1125(c); (iv) violated 15 U.S.C. §1125(a); (v) engaged in unfair competition and

15  violated California Business and Professions Code section 17200 *et seq.*; and (vi)

16  infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C.

17  §501.

18        2.     That each of the above acts were willful.

19        3.     That Plaintiff be awarded (i) all profits of Defendants, (ii) all of his

20  damages, (iii) statutory damages available under the law including 15 U.S.C.

21  §1117 and 17 U.S.C. §504, if elected, (iv) treble damages, (v) punitive damages,

22  (vi) disgorgement and restitution of all benefits received by Defendants arising

23  from their infringement as provided by law, and/or (vii) enhanced damages for

24  Defendants' willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C.

25  §504, the sum of which will be proven at the time of trial.

26

27

28                                                     17

COMPLAINT AND DEMAND FOR JURY TRIAL

1       4.     That Defendants, their officers, agents, servants, affiliates, partners,

2   vendors, employees and attorneys, and those persons in active concert or

3   participation with them, be preliminarily and permanently enjoined from:

4             a.     Using Plaintiff's expression and mark "HONEY BADGER

5                  DON'T CARE" or any colorable imitation thereof, or any other

6                  expression or mark likely to cause confusion, mistake, or

7                  deception, in connection with the sale, offering for sale,

8                  distribution, manufacturing, advertising, or promotion of their

9                  goods or services;

10            b.     Using any false designation of origin or false description that

11                 can, or is likely to, lead the public to believe that any product

12                 manufactured, distributed, sold, offered for sale, or advertised

13                 by Defendants are in any manner associated or connected with

14                 Plaintiff is sold, manufactured, licensed, sponsored, or

15                 approved or authorized by Plaintiff;

16            c.     Engaging in any other activity constituting an infringement of

17                 Plaintiff's trademark and copyright rights or otherwise unfairly

18                 competing with Plaintiff; and

19            d.     Engaging in any other activity that dilutes the distinctive

20                 quality of the Mark by, among other things, using the Mark in

21                 connection with the sale, offering for sale, distribution,

22                 manufacturing, advertising, or promotion of its goods.

23      5.     That Defendants be directed to deliver up to Plaintiff all products

24  bearing the Mark, any copy, simulation, variation or colorable imitations of the

25  Mark, and any documents or tangible things that discuss, describe, mention or

26  relate to such products.

27

28

6.    That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction.

7.    That Defendants be required to pay to Plaintiff all of his costs, disbursements, and attorneys' fees in this action.

8.    For prejudgment interest.

9.    For such other relief as the Court deems proper.

DATED: September 12, 2014        KRANE & SMITH, APC

By:    _____
       DANIEL L. REBACK
       JEREMY SMITH
       Attorneys for Plaintiff,
       CHRISTOPHER GORDON

COMPLAINT AND DEMAND FOR JURY TRIAL

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## PA 1-750-515

**Effective date of
registration:**

June 15, 2011

---

## Title

**Title of Work:** Honey Badger Don't Care

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** January 18, 2011    **Nation of 1st Publication:** United States

## Author

- **Author:** Christopher Zane Gordon

  **Author Created:** text and narration as contained in the video soundtrack

  **Work made for hire:** No

  **Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Christopher Zane Gordon

23942 Race Street, Newhall, CA, 91321, United States

## Limitation of copyright claim

**Material excluded from this claim:** musical recording

**New material included in claim:** text and narration as contained in the video soundtrack

## Certification

**Name:** Rory J. Radding

**Date:** June 15, 2011

**Applicant's Tracking Number:** 67653-5000.800

**Correspondence:** Yes

Action:  N/A

RECEIVED
Edwards Wildman Palmer LLP
New York IP Docket

OCT 3 2011

Resp. Pty:  RR / DIG
Due Date:  N/A
Client/Case#:  31-6733-TBD

# United States of America

### United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,505,781**

**Registered Apr. 1, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: CLOTHING, NAMELY, T-SHIRTS, TANK TOPS, ONE PIECE GARMENT FOR INFANTS AND TODDLERS; LONG-SLEEVE SHIRTS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-24-2011; IN COMMERCE 2-24-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,667, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,079**

**Registered Oct. 15, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: AUDIO BOOKS IN THE FIELD OF COMEDY, PARODY AND SATIRE; COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS, NAMELY, SOFTWARE FOR PLAYING GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2011; IN COMMERCE 12-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,668, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,081**
**Registered Oct. 15, 2013**
**Int. Cl.: 28**

**TRADEMARK**
**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: (BASED ON USE) CHRISTMAS TREE ORNAMENTS AND DECORATIONS; TALKING DOLLS AND PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-8-2011; IN COMMERCE 10-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-449,924, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

## HONEY BADGER DON'T CARE

**Reg. No. 4,281,472**
**Registered Jan. 29, 2013**
**Int. Cl.: 21**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

**TRADEMARK**

FIRST USE 10-7-2011; IN COMMERCE 10-7-2011.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-449,921, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff CHRISTOPHER GORDON hereby demands a jury trial in this

3    action.

4

5    DATED: September 12, 2014        KRANE & SMITH, APC

6

7                                     By:_____

8                                        DANIEL L. REBACK
                                         JEREMY SMITH
                                         Attorneys for Plaintiff,
9                                        CHRISTOPHER GORDON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   PLAINTIFF GORDON, CHRISTOPHER\DOCUMENTS ADV. GORDON STAMACK\COMPLAINT V7. TANGA.wpd        20

COMPLAINT AND DEMAND FOR JURY TRIAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) <br> CHRISTOPHER GORDON, an individual, | DEFENDANTS ( Check box if you are representing yourself ☐ ) <br> TANGA.COM, LLC, a limited liability company; LOL SHIRTS, a business entity form unknown |
|---|---|

| (b) County of Residence of First Listed Plaintiff LOS ANGELES <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. <br> KRANE & SMITH, APC <br> 16255 Ventura Boulevard <br> Suite 600 <br> Encino, CA 91436 <br> 818-382-4000 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | CV14 07158 |
|---|---|---|

CIVIL COVER SHEET   Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? | A DEFENDANT? | |
| ☐ Yes   ☒ No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1.  Is either of the following true?  If so, check the one that applies: | C.2.  Is either of the following true?  If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D,  below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D,  below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   X   NO         _   YES

If yes, list case number(s):   _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   x   NO         YES

If yes, list case number(s):   _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)      A. Arise from the same or closely related transactions, happenings, or events; or

B. Call for determination of the same or substantially related or similar questions of law and fact; or

C. For other reasons would entail substantial duplication of labor if heard by different judges; or

D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                                             DATE: 9-12-14 _____

DANIEL L. REBACK

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |